NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 20, 2017

Rachel Licausi, Esq.
Special Assistant
United States Attorney
Social Security Administration
Office of the General Counsel, Region III
P.O. Box 41777
Philadelphia, PA 19101
*Attorney for Defendant Commissioner of Social Security*

Sheryl Gandel Mazur, Esq.
195 Fairfield Avenue
West Caldwell, NJ 07006
*Attorney for Plaintiff*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   Brown v. Commissioner of Social Security
      Civil Action No. 17-1123 (SDW)

Counsel:

Before this Court is Defendant Commissioner of Social Security's ("Commissioner" or "Defendant") Motion to Dismiss Plaintiff Kenneth David Brown Jr.'s ("Plaintiff" or "Brown") Complaint for failure to exhaust administrative remedies.[1] This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendant's motion.

## DISCUSSION

On August 13, 2015, Plaintiff filed an application for disability insurance benefits ("DIB") and social security benefits ("SSI"). (Compl. ¶ 5; Declaration of Marie Cousins (hereinafter "Cousins' Decl.") ¶ 3.) Those claims were initially denied by the Social Security

---
[1] This Court treats this as a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Administration ("SSA") on October 14, 2015. (Compl. ¶ 6; Cousins' Decl. ¶ 3 Ex. 1.) Plaintiff's request for reconsideration was also denied on February 23, 2016, and in that denial the SSA informed Plaintiff that he had 60 days to seek review of his case by an administrative law judge ("ALJ"). (Compl. ¶ 6; Cousins' Decl. ¶ 3 Ex. 2.) On May 10, 2016, Plaintiff filed a Request for Hearing before an ALJ. (Compl. ¶ 7; Cousins' Decl. ¶ 3 Ex. 3.) ALJ Leonard Olarsch dismissed that request as untimely on August 12, 2016. (Compl. ¶7; Cousins' Decl. ¶ 3 Ex. 4 (noting that Plaintiff's request was filed "more than 65 days after the date of notice of reconsideration determination" and that Plaintiff had "not established good cause for missing the deadline to request a hearing").) On December 21, 2016, the Appeals Council denied Plaintiff's request for review. (Compl. ¶¶ 8-9; Cousins' Decl. ¶ 3 Ex. 5.) On February 17, 2017, Plaintiff appealed to this Court. (Dkt. No. 1.)

This Court has jurisdiction to review claims arising under the Social Security Act (the "Act") only as provided for in 42 U.S.C. §§ 405(g) and (h). *See* 42 U.S.C. § 405(h) (limiting review of decisions of the Commissioner "except as herein provided"). Section 405(g) of the Act provides that individuals may only seek district court review of a "final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g); *see also Reeves v. Colvin*, Civ. No. 15-7974 (CCC), 2017 WL 1745035, at *1 (D.N.J. May 2, 2017). A "final decision" of the Commissioner exists only after a claimant has exhausted a four-step administrative process which requires: 1) an initial determination; 2) reconsideration upon request; 3) a hearing before an administrative law judge; and 4) a review by the Appeals Council. *See* 20 C.F.R. § 416.1400(a)(5). Here, although Plaintiff completed steps 1 and 2, he has not had a hearing before an ALJ as required, because ALJ Olsarch dismissed Plaintiff's request for a hearing as untimely. Therefore, Plaintiff has failed to exhaust his administrative remedies, and this Court lacks subject matter jurisdiction to hear his claim.[2]

Accordingly, Defendant's Motion to Dismiss for lack of subject matter pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

        /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties

---

[2] This Court takes no position as to the merits of Plaintiff's claim that he had good cause for his late filing. Any such argument must be made before the ALJ and/or Appeals Council.